IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANN L. BANKS,

    Plaintiff,

v.                                     Civil Action No. 5:05CV62
                                              (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Jann L. Banks, filed an action in the United States District Court for the District of Maryland on February 11, 2005, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g). On March 21, 2005, the plaintiff filed a motion to transfer, and on April 29, 2005, the plaintiff's appeal was transferred to this Court. The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for summary judgment or, in the alternative, a motion for remand on January 13, 2006. The defendant filed a motion for summary judgment on February 8, 2006. Magistrate Judge Kaull considered the plaintiff's and defendant's motions for summary judgment and

submitted a report and recommendation.  In his report, the magistrate judge found that substantial evidence does not support the Commissioner's decision denying the plaintiff's application for Supplemental Security Income ("SSI") because: (1) substantial evidence does not support the determination of the Administrative Law Judge ("ALJ") that a significant number of jobs exist in the local and national economy that the plaintiff could perform, (2) the ALJ did not consider the combined effect of the plaintiff's alleged impairments, and (3) the ALJ did not indicate what weight, if any, he accorded to the opinion of the plaintiff's treating physician.  Thus, the magistrate judge recommended that the defendant's motion for summary judgement be denied and that plaintiff's motion for summary judgment be granted in part and remanded to the Commissioner for further proceedings consistent with the magistrate judge's recommendation.

Upon submitting this report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report.  To date, no objections have been filed by the parties.  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed

findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On March 24, 2003, the plaintiff filed an application for SSI under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1883f alleging disability since January 21, 2002, due to coronary artery disease, diabetes, high blood pressure, arthritis, acid reflux, and depression. The state agency denied plaintiff's application initially and on reconsideration. The plaintiff requested a hearing which Administrative Law Judge Jay Robert Brown held on September 2, 2004. The plaintiff was represented by counsel, testified on her own behalf, and had Vocational Expert ("VE") Jose Rose testify. On September 23, 2004, the ALJ entered his decision finding that the plaintiff was not disabled. On December 14, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision, rendering that decision final. The plaintiff then filed the present action.

### III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

### IV. Discussion

A. Plaintiff's Residual Functional Capacity

This Court does not find clear error in the magistrate judge's finding that substantial evidence does not support the ALJ's determination about the availability of jobs in the local and national economy that the plaintiff could perform. The ALJ's findings regarding the plaintiff's residual functional capacity indicate that the plaintiff can perform the following light work:

> The claimant can lift and carry no more than ten pounds on a regular basis, sit about six hours in an eight-hour workday and stand and/or walk two hours in a [sic] eight-hour workday, alternating positions. She can balance, kneel, crouch and crawl. She is able to reach, handle, finger and feel; and she should avoid extreme temperature changes, vibrations, hazards and fumes. She is able to

> remember, understand and carry out short simple instructions.

The ALJ's hypothetical questions to the VE regarding the types of jobs that would be available for a person in the plaintiff's physical condition did not reflect all of the plaintiff's physical limitations. Specifically, the magistrate judge found that the VE was not asked whether the plaintiff's need to alternate positions, need to avoid temperature extremes, vibrations, hazards and fumes and need to receive only short, simple instructions would affect his testimony regarding available jobs for the plaintiff. This Court agrees that when "questioning a vocational expert in a social security disability insurance hearing, the ALJ must propound hypothetical questions to the expert that are based upon a consideration of all relevant evidence of record on the claimant's impairment." <u>English v. Shalala</u>, 10 F.3d 1080, 1085 (4th Cir. 1993)(<u>citing</u> <u>Walker v. Bowen</u>, 876 F.2d 1097, 1100 (4th Cir. 1989)).

Therefore, this Court agrees with the recommendation of the magistrate judge that this case should be remanded for a determination of whether, in light of <u>all</u> of the plaintiff's limitations, a significant number of jobs exist that the plaintiff is capable of performing.

B.  <u>Opinion of Plaintiff's Treating Physician</u>

The magistrate judge found that the ALJ erred by failing to indicate what weight, if any, he accorded the opinion of the plaintiff's treating physician and by failing to explain his

5

reasons for his apparent rejection of that opinion. This Court finds no error in that determination.

When reviewing an SSI decision, an ALJ must analyze all of the evidence and indicate in his or her decision the weight given to probative evidence and the reasons for the use of that weight. Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984). Additionally, a treating physician's opinion that is supported by medically acceptable techniques and is not inconsistent with other substantial evidence is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it. See Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 20 C.F.R. § 416.927(d)(2)(stating that more weight should be given to the opinions of treating sources "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal perspective to the medical evidence . . .").

In this case, Dr. Renzi is the plaintiff's treating physician for her cardiac impairments. The ALJ appears to have rejected the opinion of Dr. Renzi when he determined that the plaintiff could work at a light exertional level. However, the ALJ did not state what weight, if any, he gave the opinion of Dr. Renzi when making a decision about the plaintiff's SSI application. Because the ALJ did not sufficiently explain his reasons for concurring with the conclusions of the state agency medical consultants rather than Dr.

Renzi, this Court finds no clear error in the magistrate judge's recommendation. Accordingly, this case will be remanded for a determination of what weight should be accorded to Dr. Renzi's medical opinion and the reasons therefore.

C.  Combination of Plaintiff's Impairments

The magistrate judge found that substantial evidence does not support the ALJ's determination that the plaintiff was not disabled at any relevant time. The magistrate judge found it significant, and this Court agrees, that the ALJ's decision did not address the plaintiff's alleged hand impairment or her obesity. A policy interpretation ruling regarding the evaluation of obesity provides the following guidance: "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity." SSR 02-1p. Thus, this Court finds no clear error in the magistrate judge's recommendation. Because the ALJ's decision did not address the combined effect of all of the plaintiff's alleged impairments, this case should be remanded for an examination of such effect.

## V.  Conclusion

For the reasons stated above, this Court AFFIRMS and ADOPTS the magistrate judge's recommendation in its entirety. Accordingly, it is ORDERED that the defendant's motion for summary judgment be DENIED, and that the plaintiff's motion for summary judgment or, in the alternative, a motion for remand be GRANTED IN

7

PART by reversing the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). Accordingly, it is ORDERED that this case is REMANDED for further proceedings consistent with this opinion.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 5, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE