IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANN BANKS,
    Plaintiff,

v.                                       CIVIL ACTION NO. 5:05CV62
                                              (The Honorable Frederick P. Stamp, Jr.)

MICHAEL J. ASTRUE,[1]
COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

## REPORT AND RECOMMENDATION/OPINION

On April 29, 2005, Jann Banks ["Plaintiff"] filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of an adverse decision by Defendant, the Commissioner of Social Security ["Defendant" and sometimes "Commissioner"]. The Court referred the matter to the undersigned United States Magistrate Judge, who, on December 7, 2006, issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be denied and Plaintiff's Motion for Summary Judgment be granted, in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings consistent and in accord with the Recommendation [Docket Entry 21]. No objections were filed to said Report and Recommendation.

On January 8, 2007, Plaintiff filed a "Petition for Award of Attorney's Fee" [Docket Entry 23]. As of the date Plaintiff filed the attorney's fee petition, the District Court had not yet entered

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for former Commissioner Jo Anne B. Barnhart (or Acting Commissioner Linda L. McMahon [if the caption was changed previously]) as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

1

an Order relative to the undersigned's December 7, 2006, Report and Recommendation. Defendant filed a "Response in Opposition to Plaintiff's Petition for Attorney's Fees . . . " on January 16, 2007 [Docket Entry 23]. The undersigned entered a Report and Recommendation on February 23, 2007, finding Plaintiff's "Petition for Award of Attorney's Fee" was filed prematurely because final judgment had not been issued in this matter [Docket Entry 24]. At that point in time there remained the possibility that the District Judge would not affirm the Report and Recommendation, and Plaintiff might not have prevailed on the merits of her case at all.

On March 5, 2007, the District Court entered a Memorandum Opinion and Order Affirming and Adopting Report and Recommendation of Magistrate Judge relative to the motions for summary judgment in this case [Docket Entry 25]. On June 22, 2007, Plaintiff filed a "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act" [Docket Entry 27]. The District Court entered a Memorandum Opinion and Order Affirming and Adopting Report and Recommendation of Magistrate Judge relative to the premature filing of the petition for attorney's fees in this case on June 26, 2007 [Docket Entry 29]. Additionally, the District Court entered an Order of Reference on June 27, 2007, referring Plaintiff's "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act" to the undersigned for recommended disposition [Docket Entry 28].

Defendant argues that Plaintiff's motion, previously denied as premature, must now be denied as late. Defendant contends that the Motion to Reopen was filed more than 30 days after the final judgment. Defendant argues that Plaintiff "attempts to make his current petition relate-back [sic] to his initial premature petition on January 8, 2007, by titling it a 'motion to reopen,' [but] there

2

is nothing in the EAJA which allows him to circumvent the strict time bars in this manner." (Defendant's brief at 3-4). The undersigned disagrees.

The undersigned has reviewed Plaintiff's "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act" and construes same as a request for the "Petition for Award of Attorney's Fee," filed on January 8, 2007, to be considered as if it had been timely filed at the time -- that is, within thirty days of the "final judgment on the action." 28 U.S.C. § 2412(d)(1)(B). Although the undersigned could not find a Fourth Circuit case on point, there is support in other courts for this interpretation of the statute. In Brewer v. American Battle Monuments Commission, (C.A.Fed., 1987), for example, the court stated as follows:

> Petitioner filed this fee application within thirty days after this court's judgment. We held this filing premature, as discussed *supra*. Petitioner subsequently requested reconsideration of our holding, by which procedure this fee application is before us.
>
> The statute states that the application for attorney fees and expenses shall be filed "within thirty days of final judgment in the action." . . . .
>
> Congress discussed in connection with the 1985 reenactment of the EAJA that a premature petition would be "treated as if" it were later filed: Fee petitions may be filed before a "final judgment." If the court determines that an award of interim fees is inappropriate the petition should be treated as if it were filed during the thirty-day period following the final decision.

In another decision, Onstad v. Brown, 9 Vet. App. 189 (Vet.App.1996), the court noted its decision would not become filed for another thirty days. The Appellant, had, however, filed his EAJA application years earlier. The court held:

> Thus, because the appellant's August 20, 1992, EAJA application was "not untimely even though premature because the appeal period had not run," . . . . the appellant's EAJA application will be deemed to be filed at the expiration of the thirty-day period. . . . Therefore, the court holds that the appellant has submitted a timely EAJA application and that this Court has jurisdiction to entertain the matter. . . . .

3

Though not precedential, the undersigned finds these cases instructive and finds Plaintiff's Petition for Award of Attorney Fees was not untimely despite being filed prematurely. The undersigned therefore finds the Petition should be deemed to have been timely filed on or before the expiration of the thirty-day period following the Commissioner's last day for appealing. Defendant's Motion to Reopen the Petition should be **GRANTED**.

The undersigned notes, however, that Defendant argued solely the timeliness of the motion, and did not respond on the merits of the Petition for Award of Attorney's Fees itself. Accordingly, the undersigned respectfully recommends to the District Court that, if it upholds this Report and Recommendation, that Defendant also be directed, within thirty days of the date of entry of such an Order by the District Court, to file its response to the merits of the plaintiff's EAJA Petition.

## **RECOMMENDATION**

Upon consideration of all which, the undersigned **RECOMMENDS** Plaintiff's "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act" be **GRANTED** [Docket Entry 27]. The undersigned further **RECOMMENDS** the Defendant be directed to respond to the merits of "Plaintiff's Petition for Award of Attorney's Fees" within thirty (30) days from the entry of a District Court Order affirming this Report and Recommendation, if the District Court so holds.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

4

will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 14th day of September, 2007.

/s/ *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE