IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANN L. BANKS,

    Plaintiff,

v.                          Civil Action No. 5:05CV62
                                      (STAMP)
MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Jann L. Banks, filed an action in the United States District Court for the District of Maryland, seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g). On March 21, 2005, the plaintiff filed a motion to transfer, and the plaintiff's appeal was transferred to this Court. The case was referred to United States Magistrate Judge John S. Kaull who issued a report and recommendation on December 7, 2006, recommending that the defendant's motion for summary judgment be denied and that the plaintiff's motion for summary judgment be granted.

---

[1] Michael J. Astrue became the Commissioner of Social Security effective February 12, 2007. Under Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

Thereafter, on January 8, 2007, prior to the entry of an order by this Court regarding the report and recommendation, the plaintiff filed a petition for an award of attorney's fees. Because this Court had not yet entered a final judgment in this matter, Magistrate Judge Kaull issued a report and recommendation recommending that the plaintiff's petition for an award of attorney's fees be denied without prejudice as premature.

On March 5, 2007, this Court entered a memorandum opinion and order affirming and adopting the report and recommendation of the magistrate judge denying the defendant's motion for summary judgment and granting the plaintiff's motion for summary judgment. Consequently, the plaintiff filed a "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act" to which the defendant responded, arguing that the motion should be denied as untimely. This Court then entered a second memorandum opinion and order affirming the report and recommendation of the magistrate judge recommending that the plaintiff's petition for an award of attorney's fees be denied without prejudice as premature. This Court also entered an order of reference, referring the plaintiff's motion to reopen the petition for award of attorney's fees to Magistrate Judge Kaull for initial review and report and recommendation.

Magistrate Judge Kaull issued a report and recommendation on September 14, 2007, recommending that the plaintiff's motion to reopen the petition for award of attorney's fees be granted.

Additionally, because the defendant argued only the timeliness of the plaintiff's motion, the magistrate judge recommended that the defendant be directed to respond to the merits of the plaintiff's petition, if this Court affirmed and adopted the report and recommendation granting the plaintiff's motion. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The defendant filed timely objections.

Before this Court could issue a memorandum opinion and order, however, the plaintiff filed a petition for award of attorney's fees to which the defendant filed a response indicating that it did not object to the plaintiff's petition. Accordingly, on March 4, 2008, this Court entered an order ordering the defendant to pay the plaintiff's attorney's fees in the amount of $2,287.50, being withheld from the plaintiff's past-due benefits.[2] For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the defendant's objections to the report and recommendation should be overruled as moot.

---

[2]Despite this order, because the magistrate judge's September 14, 2007 report and recommendation, and the defendant's objections thereto, were properly before this Court prior to the order's entry, this Court finds it necessary to review the report and recommendation and decide whether the defendant's objection has merit.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were timely made.

## III. Discussion

The magistrate judge recommended that the plaintiff's motion to reopen the petition for award of attorney's fees be granted because the petition was timely filed. A party seeking an award of attorney's fees must submit an application to the court "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Persuasive authority suggests that a petition for attorney's fees can be considered timely despite being filed prematurely. See Brewer v. Am. Battle Monuments Comm'n, 814 F.2d 1564, 1570 (C.A. Fed. 1987) ("Fee petitions may be filed before a 'final judgment.' If the court determines that an award of interim fees is inappropriate the petition should be treated as if it were filed during the thirty-day period following the final decision."); Onstad v. Brown, 9 Vet. App. 189, 191 (Vet. App. 1996) ("Thus,

4

because the appellant's August 20, 1992, EAJA application was 'not untimely even though premature because the appeal period had not run,' . . . the appellant's EAJA application will be deemed to be filed at the expiration of the thirty-day period . . . . Therefore, the court holds that the appellant has submitted a timely EAJA application and that this Court has jurisdiction to entertain the matter."). Accordingly, based upon a de novo review, the plaintiff's petition should be deemed timely filed on or before the expiration of the thirty-day period following the Commissioner's last day for appealing despite being filed prematurely.[3]

Moreover, this Court overrules as moot the defendant's objections to the magistrate judge's report and recommendation requesting that this Court deny the plaintiff's application for attorney's fees as untimely filed. Following the magistrate judge's report and recommendation and the defendant's timely objections, the plaintiff filed a petition for award of attorney's fees. In its response, the defendant indicated that it did not object to the plaintiff's petition, and that it would pay the plaintiff's attorney's fees being withheld from the plaintiff's past-due benefits. This Court therefore entered an order on March

---

[3]In his report and recommendation, the magistrate judge also recommended that if this Court affirms and adopts the report and recommendation, this Court should direct the defendant to file a response to the merits of the plaintiff's petition. The defendant filed a timely response to the plaintiff's petition prior to this Court's memorandum opinion and order.

4, 2008, to that effect. Accordingly, the defendant's objections to the magistrate judge's report and recommendation are overruled as moot.

## IV. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation on the plaintiff's "Motion to Reopen the Petition for Award of Attorney's Fees Under the Equal Access to Justice Act." Furthermore, this Court OVERRULES the defendant's objections as moot.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED: February 5, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE